UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA     Respondent/Plaintiff

v.     Criminal Action No. 3:18-cr-46-RGJ
    Civil Action No. 3:25-cv-333-RGJ

DWAYNE CASTLE     Movant/Defendant

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Movant/Defendant Dwayne Castle filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 589]. The motion is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the motion appeared to be barred by the applicable statute of limitations, the Court directed Castle to show cause why his motion should not be denied. Castle timely filed a response. [DE 591].

**I.**

On August 19, 2019, Castle pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to one count of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine and one kilogram or more of a mixture and substance containing heroin in violation of 21 U.S.C. § 846 and one count of aiding and abetting the use and discharge of a firearm in furtherance of a drug trafficking crime resulting in the death of a person in violation of 18 U.S.C. § 924(c)(1)(A) and 924(j)(1). [DE 91, DE 92]. On May 24, 2023, the Court sentenced Castle to 360 months. [DE 493]. Castle did not file a direct appeal. Castle signed the instant § 2255 motion on May 28, 2025. [DE 589].

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such an appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on May 24, 2023; thus, the judgment became final on June 7, 2023, upon the expiration of the 14-day period for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(i). The one-year statute of limitations, therefore, expired on June 7, 2024. Thus, Castle's motion is time-barred under § 2255(f) and subject to summary dismissal.

In his response to the show cause Order [DE 591], Castle argues that the one-year statute of limitation period in this case does not run from "the date on which the judgment of conviction becomes final" under § 2255(f)(1) but instead runs from the dates set forth under § 2255(f)(3) or (4).

2

## A.  § 2255(f)(3)

Castle asserts that the United State Supreme Court's recent decision holding that the 18 U.S.C. § 924(c) residual clause is unconstitutionally vague impacts Castle's § 924(c) conviction and controls the date on which the statute of limitation begins to run. *See United States v. Davis*, 588 U.S. 445 (2019); *United States v. Richardson*, 948 F.3d 773, 741 (6th Cir. 2020). Specifically, Castle argues that in his § 924(c) conviction, conspiracy served as the predicate crime which is no longer considered a crime of violence post-*Davis*. According to Castle, "[a]t the time of my plea on August 19, 2019, the residential clause was made by the Supreme Court unconstitutionally vague and retroactive by the Sixth Circuit Court of Appeals for use/discharge/possession of a firearm during a drug trafficking crime resulting in murder." [DE 591 at 2 (citing *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020)].

Section 2255(f)(3) provides that the one-year statute of limitations shall run from "the date on which the right asserted was *initially* recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (Emphasis added). It should be noted that *United States v. Davis* was decided by the United States Supreme Court on June 24, 2019, almost two months *before* Castle pleaded guilty to the § 924(c) charge. Under Castle's argument, § 2255(f)(3) requires his § 2255 motion be brought no later than June 25, 2020—almost three years before he was sentenced. As such, the application of § 2255(f)(3) to this case would in no way extend the one-year deadline set forth in § 2255(f)(1). Therefore, Castle's motion would still be untimely.

Even assuming Plaintiff could successfully show that he is entitled to equitable tolling on this issue (which he does not argue), his contention that *Davis* mandates reversal of his § 924(c)(1)(A) conviction is incorrect. In *United States v. Davis*, the Supreme Court addressed a

3

vagueness challenge to the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) and found it unconstitutionally vague. *Davis*, 588 U.S. at 470. Here, because Castle's sentence was not based on the residual clause, *i.e.*, a crime of violence, *Davis* is not applicable to his claim for relief. Instead, Castle was charged with a violation of § 924(c)(1)(A) which also prohibits a person from possession of a firearm in furtherance of a *drug trafficking crime*. "While *Davis* declared subsection 924(c)(3)(B) unconstitutionally vague, its holding did not impact subsection 924(c)(1)(A), relating to drug trafficking." *United States v. Campbell*, No. CR 3:17-26, 2021 WL 426524, at *3 (M.D. Pa. Feb. 8, 2021); *see also United States v. Hollingsworth*, No. CR 5:22-12-DCR-CJS, 2025 WL 1617829, at *4–5 (E.D. Ky. Apr. 14, 2025), *report and recommendation adopted*, No. CV 5:22-012-DCR, 2025 WL 1292048 (E.D. Ky. May 5, 2025). Accordingly, *Davis* has no bearing on Castle's conviction and does not constitute a basis for vacating his sentence.

### B. § 2255(f)(4)

Castle also argues that Special Agent Brian Sanders recanted his sworn search warrant affidavit in the trial of co-defendant Charles Cater, and if Castle had been aware, he would not have pleaded guilty. [DE 589 (citing DE 506 at 81–83)]. Castle contends that he "didn't come into [this] newly discovered evidence until 2024." [DE 591 at 1]. Essentially, Castle argues that because the trial of co-defendant Cater did not occur until 2022 and because he did not become aware of this alleged recantation by Sanders until 2024, he has satisfied § 2255(f)(4) which requires the § 2255 motion be brought within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The Court disagrees. Castle pleaded guilty on August 19, 2019. The record reflects that co-defendant Cater's trial was held between November 28, 2022, through December 8, 2022.

4

[DE 368, DE 384]. Castle was then sentenced on May 24, 2023. [DE 493]. The transcripts of co-defendant Cater's jury trial were filed in June of 2023 and their restricted access ended in September of 2023. *See*, *e.g.*, [DE 506, DE 516]. Castle signed the instant § 2255 motion on May 28, 2025—a year and eight months after the transcripts were released. [DE 589]. As such, in as much as these facts could support Castle's claim, he failed to exercise due diligence in discovering this information warranting application of § 2255(f)(4). Therefore, Castle's motion would still be untimely.

Furthermore, the United States Court of Appeals for the Sixth Circuit recently addressed the validity of Sanders's search warrant affidavit in co-defendant Cater's appeal of his conviction. The Sixth Circuit rejected co-defendant Cater's argument that Sanders misrepresented the wire intercepts regarding the amount of money Castle and another co-defendant were to pay Cater for the murders in question and upheld the District Court's denial of the motion to suppress. [DE 592 at 7].

For these reasons, the Court concludes that this action is untimely and will dismiss this action.

### III.

An individual who unsuccessfully moves to vacate, set aside, or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason

would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court is satisfied that no jurists of reason would find debatable whether it is correct in its procedural ruling that the § 2255 motion is untimely. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Defendant, *pro se*
        U.S. Attorney
A961.014